[No. 32229-0-I.    Division One.    September 6, 1994.]

THE STATE OF WASHINGTON, *Respondent,* v. DALONA S. MYLES, *Appellant.*

*Suzanne Lee Elliott* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Carol Spoor, Deputy,* for respondent.

BECKER, J. — Dalona Myles appeals her conviction for carrying a dangerous weapon. She was arrested at a Seattle intersection at about 1 a.m. The arresting officer, who had been called out to a disturbance at that location, observed two groups of people on opposite sides of the street yelling

and swearing at each other. Sixteen-year-old Myles responded rudely to the officer's inquiry as to what was going on. Myles appeared to be rummaging in her outside coat pockets for something. The officer patted her down for weapons and found a fixed-blade paring knife, approximately 3 inches long. The knife was not where the officer had observed Myles' hands, but in the left inside pocket of Myles' coat. Myles was charged with carrying a dangerous weapon in violation of RCW 9.41.250. She was convicted as charged and sentenced to 2 months of community supervision and 8 hours of community service.

RCW 9.41.250, adopted near the turn of the century, now provides:

> Every person who shall manufacture, sell or dispose of or have in his possession any instrument or weapon of the kind usually known as slung shot, sand club, or metal knuckles, or spring blade knife, or any knife the blade of which is automatically released by a spring mechanism or other mechanical device, or any knife having a blade which opens, or falls, or is ejected into position by the force of gravity, or by an outward, downward, or centrifugal thrust or movement; *who shall furtively carry with intent to conceal any dagger, dirk, pistol, or other dangerous weapon*; or who shall use any contrivance or device for suppressing the noise of any firearm, *shall be guilty of a gross misdemeanor.*

(Italics ours.)

Myles challenges her conviction on two grounds: she contends "furtively carry with intent to conceal any . . . other dangerous weapon" is unconstitutionally vague as applied to her, and alternatively, she argues the evidence is insufficient to support her conviction. We conclude that the evidence is insufficient and reverse.

Except when a vagueness challenge to a statute involves First Amendment rights, we must evaluate the statute as applied to the particular facts of the case, rather than for facial vagueness. *Spokane v. Douglass*, 115 Wn.2d 171, 182, 795 P.2d 693 (1990). Even if there are some hypothetical situations to which the statute may not apply, the particular facts of the case may come within a "hard core" of circumstances that the statute unquestionably governs. *See Doug-*

*lass,* at 182-83; *Bellevue v. Miller,* 85 Wn.2d 539, 541, 536 P.2d 603 (1975).

A statute is presumed constitutional. The party challenging the statute carries the burden of proving it unconstitutional beyond a reasonable doubt. *State v. Halstien,* 122 Wn.2d 109, 118, 857 P.2d 270 (1993). A statute is vague and violates due process if, beyond a reasonable doubt, it (1) does not define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is proscribed, or (2) does not provide ascertainable standards of guilt to protect against arbitrary enforcement. *Douglass,* 115 Wn.2d at 178.

The phrase "other dangerous weapon" in the statute is sufficiently definite as applied to Myles' paring knife. The similar term "deadly weapon" — defined in RCW 9.94A.125 as an implement which has the capacity to inflict death, used in a way such that it is likely to produce or may easily and readily produce death — has been held to include a pocket-knife of similar length. *State v. Cook,* 69 Wn. App. 412, 417, 848 P.2d 1325 (1993). A fixed-blade paring knife of whatever length is sufficiently like the specific objects "dagger" and "dirk", named in the statute, that neither an ordinary citizen nor a police officer would have trouble understanding that under certain circumstances, such a knife may be a "dangerous weapon". *See State v. O'Neil,* 24 Wn.2d 802, 807, 167 P.2d 471 (1946) (observing that a knife may be a dangerous weapon), *overruled on other grounds by State v. Ng,* 110 Wn.2d 32, 48, 750 P.2d 632 (1988).

The more difficult question is whether the statute, as applied to Myles, adequately defines the circumstances that made her carrying of the knife criminal rather than innocent. RCW 9.41.270(1), upheld against a vagueness challenge in *State v. Maciolek,* 101 Wn.2d 259, 269, 676 P.2d 996 (1984), provides that it is a crime to carry certain weapons "in a manner, under circumstances, and at a time and place that either manifests an intent to intimidate another or that warrants alarm for the safety of other persons". The statute

at issue here lacks any similar requirement that the defendant be observed using the implement to intimidate or otherwise warrant alarm.

An intent element in an enactment may provide a sufficient limit on police discretion, avoiding vagueness under the second part of the test in *Douglass*. *Tacoma v. Luvene*, 118 Wn.2d 826, 847, 827 P.2d 1374 (1992). However, "intent to conceal" in RCW 9.41.250 is insufficiently limiting because concealing is not inherently criminal.

If the statute has any constitutional core, it must center around the word "furtive". "Furtive" as an adjective is synonymous with such words as stealthy and surreptitious. Black's Law Dictionary 676 (6th ed. 1990); *Webster's Third New International Dictionary* 924 (1969). The word "furtive" describes activity that expresses hidden motives. Furtive movements may be among the circumstances justifying an investigative *Terry*[1] *stop, subsequent search or other action consistent with the initial stop, such as the seizure of evidence. Even in this limited context, courts often seek a more specific description of the conduct to determine the validity of the stop, search or other action. See, e.g., State v. Pressley*, 64 Wn. App. 591, 596-99, 825 P.2d 749 (1992). "Furtive" is a conclusion reached by an observer to characterize a specific movement. The State suggested in its brief and conceded at oral argument that it would be appropriate to read into the statute the requirement for some type of overt observable act or movement beyond the mere fact of carrying or possessing. Such a requirement was one of the reasons the Supreme Court rejected a vagueness challenge to the juvenile sexual motivation allegation statute in *Halstien*, 122 Wn.2d at 120 ("The statute requires evidence of identifiable conduct by the defendant while committing the offense which proves beyond a reasonable doubt the offense was committed for the purpose of sexual gratification.").

The statute challenged in this case may be construed as requiring evidence of identifiable conduct by the Defendant

---

[1]*Terry v. Ohio*, 392 U.S. 1, 25-26, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968).

which proves beyond a reasonable doubt that she intended to conceal a dangerous weapon. Merely carrying an item does not usually involve identifiable conduct; it is not an overt movement. Thus, "furtively carry" is an awkward term, difficult to visualize as a movement. The following phrase, "with intent to conceal", helps to a degree. The drafters of the statute must have had in mind a movement to conceal a weapon, done furtively, in a way meant to escape notice. Otherwise, there are all too many easily imagined instances of innocent conduct involving the carrying of pocket knives, kitchen knives, letter openers, pepper sprays, scissors, common tools, and other dangerous objects with intent to conceal them in, for example, a pocket, handbag, shopping bag, or boot.

It is well established that we will not decide a constitutional issue unless it is absolutely necessary to the resolution of the case. *State v. Zakel*, 119 Wn.2d 563, 567, 834 P.2d 1046 (1992). Here, the insufficiency of the evidence makes it unnecessary to decide the constitutionality of the statute.

We assume without deciding that the statute would escape a "vague as applied" challenge if construed as requiring overt movement as an element of the crime. The question then is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found, beyond a reasonable doubt, an overt movement with intent to conceal the knife. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). We must draw all reasonable inferences from the evidence in favor of the State and interpret those inferences most strongly against the defendant. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

Myles merely rummaged in her outer pockets before the officer found the knife and arrested her for carrying a dangerous weapon. Her movement, while surreptitious and even suspicious under the circumstances, could not evidence an intent to conceal the knife because the knife was not where she was reaching with her hands. We conclude the evidence is insufficient to support the conviction.

648

Reversed and dismissed.

BAKER and KENNEDY, JJ., concur.

Reconsideration denied October 6, 1994.

Review granted at 126 Wn.2d 1001 (1995).