[No. 42252-9-I.   Division One.   June 28, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. C.Q.,[†] *Appellant*.

---

[†]The appellant herein is a juvenile and he will be referenced by his initials.

*David Bruce Koch* of *Nielsen, Broman & Associates*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Ellen O'Neill-Stephens, Deputy*, for respondent.

GROSSE, J. — A starter's pistol having no bore through its barrel, and thus capable of discharging only blank cartridges, is not a firearm nor is it a dangerous weapon as that term is defined by the Legislature. The definitional statute in question, RCW 9.41.280, lists a variety of weapons of a kind capable of producing death or serious bodily injury. While we recognize that a starter's pistol is capable of producing the fear of such injury in any person not aware of its true nature, fear of injury is not a term the Legislature chose to use in the definition. Thus, taking one to school may and should be grounds for grave disciplinary action, but it is not a crime under current law, absent facts showing it was used to instill fear, facts not charged here.

## FACTS

According to agreed facts, C.Q. handed a .32 caliber

starter's pistol to his friend A.C. at school. A.C. put it in the pocket of his sweatshirt and went to class. Someone noticed the starter's pistol and police officers were summoned. A.C. was escorted from class and admitted having the starter's pistol on his person. Police officers frisked him and found a .32 caliber starter's pistol in the pocket of his sweatshirt.

A.C. waived his *Miranda*[1] rights and explained how he came to possess the starter's pistol. Officers then contacted C.Q. and escorted him to the locker he shared with A.C. There they found seven rounds of blanks in his coat pocket in the locker. C.Q. waived his *Miranda* rights and indicated he came to school with the starter's pistol because he forgot to take it out of his coat. He admitted he gave it to A.C. to keep for the day. C.Q. was charged with one count of possessing a dangerous weapon on school facilities contrary to RCW 9.41.280.

Defense counsel moved to dismiss the charge arguing that a starter's pistol does not satisfy the statute because it was not a firearm or dangerous weapon under the definition referenced by the statute.

In response to the motion to dismiss, the prosecutor made an offer of proof that a starter's pistol could be drilled open and modified to fire a .32 caliber bullet. However, the State admitted that the pistol in question was not checked to determine if it had been modified, and conceded that it probably had not been modified. The starter's pistol was never test fired and not entered into evidence.

The State called a police officer who testified regarding starter's pistols and their workings. The officer testified that starter's pistols could malfunction sending hot wadding out the cylinder. The officer testified she once heard of a starter's pistol causing a slight burn on a person's chest when it was fired from two inches away. She said she was not present when this happened. There was no testimony that the specific starter's pistol here was defective.

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

The court commissioner denied the motion to dismiss finding that the starter's pistol was a firearm, an airgun, and a dangerous weapon. Defense counsel sought revision pursuant to RCW 2.24.050. The superior court affirmed the decision.

C.Q. agreed to a stipulated facts trial based on the agreed facts and the police report. The court found him guilty and sentenced him to community service. Although some findings of fact were entered, no formal conclusions of law pursuant to the mandate of JuCR 7.11(d) were ever filed. C.Q. appeals claiming there was insufficient evidence to support his conviction, and that the State failed to properly enter findings and conclusions.

## DISCUSSION

On appeal, the State concedes that a starter's pistol is not a firearm or an airgun designed to propel a projectile. The question is whether the starter's pistol was correctly determined to be a dangerous weapon.

■■ In order to challenge the sufficiency of the evidence, the appellant is obliged to prove that, after viewing the evidence in the light most favorable to the State, a rational trier of fact could not have found the essential elements of RCW 9.41.280 to have been proved beyond a reasonable doubt.[2]

RCW 9.41.280 states in pertinent part:

(1) It is unlawful for a person to carry onto, or to possess on, public or private elementary or secondary school premises, school-provided transportation, or areas of facilities while being used exclusively by public or private schools:

(a) Any firearm;

(b) Any other dangerous weapon as defined in RCW 9.41.250[.]

The statute goes on to list several specific unlawful devices

---

[2]*State v. Hendrickson*, 129 Wn.2d 61, 81, 917 P.2d 563 (1996).

and the class of crime and exceptions thereto. The parties agree that the terms of RCW 9.41.280(1)(b) are in question here.

The definition section of RCW 9.41.250, referenced by RCW 9.41.280(1)(b), states:

> Every person who:
>
> (1) Manufactures, sells, or disposes of or possesses any instrument or weapon of the kind usually known as slung shot, sand club, or metal knuckles, or spring blade knife, or any knife the blade of which is automatically released by a spring mechanism or other mechanical device, or any knife having a blade which opens, or falls, or is ejected into position by the force of gravity, or by an outward, downward, or centrifugal thrust or movement;
>
> . . . .
>
> is guilty of gross misdemeanor punishable under chapter 9A.20 RCW.

No previous cases have been published with respect to a starter's pistol under RCW 9.41.280(1)(b) or the definition under RCW 9.41.250. Indeed, only one published decision has specifically considered a starter's pistol. In *State v. Curtis*,[3] this court held that although a starter's pistol is not capable of firing a projectile, an individual who points a starter's pistol at a victim who is thereby placed in fear of being shot may be found guilty of second degree assault. The court reasoned that the assault statute is intended to encompass the menacing act of pointing a gun at another with apparent ability to inflict bodily harm.[4] Because assault is not the charge here, the case is not particularly helpful.

As this court recognized in *State v. Myles*,[5] the term "dangerous weapon," which is not really defined by stat-

---

[3]*State v. Curtis*, 14 Wn. App. 735, 544 P.2d 768 (1976).

[4]*Id.* at 737.

[5]*State v. Myles*, 75 Wn. App. 643, 645, 879 P.2d 968 (1994), *reversed on other grounds*, 127 Wn.2d 807 (1995).

ute, is *similar* to the term "deadly weapon" defined in RCW 9.94A.125 as "an implement or instrument which has the capacity to inflict death and from the manner in which it is used, is likely to produce or may easily and readily produce death."

Here, a starter's pistol, with no supporting evidence that it has been modified or that it malfunctions, does not meet this definition. The State argues that because there is a *possibility* that a starter's pistol could malfunction and discharge hot paper from its cylinder it is a dangerous weapon. Following this logic, however, there are few things that would not qualify as a dangerous weapon. This court cannot read into the language of the statute a proscription of the carrying of any object that could possibly cause some injury. The Legislature did not exercise its power to forbid the possession of such objects at school and for this court to do so would not be judicial construction of the statute, but judicial legislation.[6]

Other courts have refused to conclude that a starter's pistol is per se a deadly or dangerous weapon. In a well-reasoned opinion of the Ninth Circuit Court of Appeals, the court concluded that an unmodified starter's pistol is not a deadly or dangerous weapon as a matter of law because in its intended or readily adaptable use it is not likely to produce death or serious bodily injury.[7]

The State relies on the Illinois case of *People v. Trice*[8] in

---

[6]This is not to say that schools and school districts do not have the right to forbid the bringing of any gun-like object onto school premises and mete out appropriate sanctions. But the punishment should be appropriate school action, not the filing of a criminal complaint, until such time as the Legislature drafts clear legislation.

[7]*United States v. Dishman*, 486 F.2d 727 (9th Cir. 1973). *See also Harpham v. State*, 435 So. 2d 375, 376-77 (Fla. Dist. Ct. App. 1983) (starter's pistol is not a firearm or other deadly weapon as defined in armed robbery statute absent proof that pistol could expel projectile from barrel, or was readily convertible for that purpose); *State v. Magwood*, 177 N.J. Super. 105, 425 A.2d 695 (1981) (starter's pistol not a "deadly weapon" under robbery statute); *State v. Luckey*, 322 N.E.2d 354, 81 A.L.R.3d 995 (Ohio Ct. App. 1974) (starter's pistol not a dangerous weapon despite victim's contrary belief, not designed to inflict bodily harm).

[8]*People v. Trice*, 127 Ill. App. 2d 310, 262 N.E.2d 276 (1970).

which the defendants held a starter's pistol to a victim's head during a robbery. On appeal, the defendants argued there was insufficient evidence to sustain their convictions because the prosecution failed to prove that the pistol was a dangerous weapon. The *Trice* court equated the term dangerous weapon with deadly weapon and then held that the question of whether there was sufficient evidence of a deadly weapon *by its use* was for the jury. Based on the way the starter's pistol was used in the Illinois case, by its being held to the victim's head, the court was unwilling to disturb the verdict.

The starter's pistol here was not used in any fashion other than to rest in the pocket of a sweatshirt. There is no evidence on the record before us that would support a trial court's finding that C.Q. possessed a dangerous weapon. As such his conviction must be reversed.

Given this conclusion, we need not address the failure of the State to file the requisite formal findings and conclusions pursuant to JuCR 7.11(d).

The decision of the trial court is reversed and the case dismissed.

WEBSTER and BECKER, JJ., concur.