[No. 43344-0-I.   Division One.   January 18, 2000.]

THE STATE OF WASHINGTON, *Respondent*, v. KEVIN C. LEATHERMAN, *Appellant*.

*Catherine L. Floit*; and *David B. Koch* of *Nielsen, Broman & Associates, P.L.L.C.*, for appellant.

*James H. Krider, Prosecuting Attorney*, and *Karen L. Rogers, Deputy*, for respondent.

BAKER, J. — Kevin Leatherman was convicted of possession of a controlled substance while armed with a dagger, which is a per se deadly weapon. The trial court imposed a deadly weapon sentencing enhancement. Leatherman appeals, arguing that the deadly weapon statute is unconstitu-

tionally vague as applied to the facts of this case. We affirm.

I

Kevin Leatherman was pulled over for failing to stop at two stop signs. Leatherman, thinking that there was an outstanding warrant for his arrest, told the police that he was his brother Shane Leatherman. Because Shane's license was suspended, the police arrested Kevin Leatherman. Leatherman then gave his real name, whereupon he was arrested for failure to cooperate at a traffic stop. During a search incident to arrest, the police found cocaine and four weapons, two of which were characterized as "knives" and two as "daggers." Leatherman made no attempt to use these weapons during the arrest.

The State charged Leatherman with possession of a controlled substance, cocaine, while armed with a deadly weapon, a dagger. Leatherman waived his right to a jury and agreed to a stipulated trial. At trial, the only disputed issue of fact was whether one of the instruments, Exhibit 2, was a "dagger" under Washington's deadly weapons sentencing enhancement statute. Under that statute, any dagger is a per se deadly weapon, but a knife is a per se deadly weapon only if it has a blade longer than three inches.[1] The statute does not define the terms "dagger" or "knife." The State argued that the instrument was a dagger because it had a short, two-edged, pointed blade used for stabbing, meeting the dictionary definition of dagger. Leatherman argued that the instrument was a knife, which was not a per se deadly weapon because its blade was less than three inches long. Therefore, to impose a deadly weapon sentencing enhancement, the State would have to show that the knife had the capacity to inflict death and was used in a deadly manner during commission of the crime. Leatherman argued that because he did not use the knife or resist arrest in any way, there should be no sentencing enhancement.

---

[1] RCW 9.94A.125.

The trial court found Leatherman guilty of possession of a controlled substance, and found that the instrument was a dagger. The court sentenced Leatherman to 12 months, which included 6 months for the deadly weapon enhancement. Leatherman now appeals the deadly weapon enhancement.

## II

■ ■ A statute is presumed to be constitutional, and a party challenging its constitutionality bears the heavy burden of proving its unconstitutionality beyond a reasonable doubt.[2] Impossible standards of specificity or mathematical certainty are not required because some degree of vagueness is inherent in the use of language.[3] "Consequently, a statute is not unconstitutionally vague merely because a person cannot predict with complete certainty the exact point at which his [or her] actions would be classified as prohibited conduct."[4]

Leatherman argues that the deadly weapons statute is unconstitutionally vague as applied to the facts of his case. Under the statute, a knife is deadly as a matter of law only if its blade is over three inches in length, but a dagger is per se deadly regardless of the length of its blade. These terms are undefined by the statute. Leatherman contends that because their ordinary meanings may be interchangeable, the statute fails to provide adequate notice of prohibited activity and could lead to arbitrary or discriminatory enforcement. The State contends that the plain and ordinary meaning of the terms "knife" and "dagger" provide adequate standards of specificity and therefore the statute does not invite an inordinate degree of discretion.

■ Under the Fourteenth Amendment's Due Process

---

[2]*State v. Myles*, 127 Wn.2d 807, 812, 903 P.2d 979 (1995); *City of Seattle v. Eze*, 111 Wn.2d 22, 26, 759 P.2d 366, 78 A.L.R.4TH 1115 (1988).

[3]*Haley v. Medical Disciplinary Bd.*, 117 Wn.2d 720, 740, 818 P.2d 1062 (1991).

[4]*Eze*, 111 Wn.2d at 27.

Clause,[5] a statute is void for vagueness if either: (1) it does not define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is proscribed, or (2) the statute does not provide ascertainable standards of guilt to protect against arbitrary enforcement.[6] Under the first prong of the vagueness test, a legislative enactment is unconstitutional "when it forbids conduct in terms so vague that persons of common intelligence must guess at its meaning and differ as to its application."[7] Under the second prong of the test, "the court examines the terms of the statute to see if they contain adequate standards to guide law enforcement officials."[8] The primary question is whether the statute proscribes conduct by resort to "inherently subjective terms."[9] An ordinance is unconstitutionally vague if either test is not satisfied.[10] A statute challenged on the grounds that it is vague as applied is evaluated in light of the particular facts of each case, "not by examining hypothetical situations at the periphery of the ordinance's scope."[11]

RCW 9.94A.125 defines a deadly weapon as "an implement or instrument which has the capacity to inflict death and from the manner in which it is used, is likely to produce or may easily and readily produce death." The statute defines "any dagger" or "any knife having a blade longer than three inches" as deadly weapons per se. A knife with

---

[5]Leatherman has not referred to the Washington Constitution nor engaged in a *Gunwall* analysis. *State v. Gunwall*, 106 Wn.2d 54, 720 P.2d 808 (1986). Accordingly, his due process claim should be decided under federal constitutional law. *City of Spokane v. Douglass*, 115 Wn.2d 171, 176-77, 795 P.2d 693 (1990).

[6]*State v. Halstien*, 122 Wn.2d 109, 117, 857 P.2d 270 (1993); *Myles*, 127 Wn.2d at 812.

[7]*Burien Bark Supply v. King County*, 106 Wn.2d 868, 871, 725 P.2d 994 (1986).

[8]*Myles*, 127 Wn.2d at 812; *City of Tacoma v. Luvene*, 118 Wn.2d 826, 846-47, 827 P.2d 1374 (1992).

[9]*Douglass*, 115 Wn.2d at 181 (quoting *State v. Maciolek*, 101 Wn.2d 259, 267, 676 P.2d 996 (1984)).

[10]*American Dog Owners Ass'n v. City of Yakima*, 113 Wn.2d 213, 215, 777 P.2d 1046 (1989).

[11]*City of Spokane v. Douglass*, 115 Wn.2d at 182-83.

a blade less than three inches long is only a deadly weapon if used in a deadly manner.[12] Leatherman's blade was less than three inches long and he did not use the weapon during the commission of the crime. Therefore, the sentencing enhancement should be imposed if the instrument is a dagger, but not if it is a knife.

When a statute does not define a term, the court may ascertain the plain and ordinary meaning from the dictionary.[13] Three different dictionary definitions for "dagger" include: "[a] weapon resembling a short sword, with usually a two-edged, sometimes a three-edged, sharp pointed blade, used for stabbing at close quarters";[14] "a short knife used for stabbing";[15] and "a short, swordlike weapon with a pointed blade and a handle, used for stabbing."[16] Three dictionary definitions for "knife" include: "an instrument for cutting, consisting essentially of a thin, sharp-edged, metal blade fitted with a handle . . .; dagger or short sword";[17], "a simple instrument used for cutting consisting of a sharp-edged usu. steel blade provided with a handle";[18] and "[a] cutting instrument consisting of a sharp-edged blade of small or moderate size attached to a handle."[19]

The dictionary definitions agree on one point: a "dagger" is used for stabbing and a "knife" is used for cutting. The instrument at issue in this case has a straight blade of moderate length (two and three-quarters inches) fixed to a hilt. It is pointed and sharp-edged on two sides and is

[12]*State v. Thompson*, 88 Wn.2d 546, 548-49, 564 P.2d 323 (1977).

[13]*State v. Dana*, 84 Wn. App. 166, 171, 926 P.2d 344 (1996), *review denied*, 133 Wn.2d 1021 (1997).

[14]Clerk's Papers 64.

[15]WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 570 (1986).

[16]Clerk's Papers 60.

[17]Clerk's Papers 59.

[18]WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1249 (1986).

[19]Clerk's Papers 65.

partially serrated on both sides near the base. The design of the instrument indicates that its primary purpose is for stabbing. Thus, it is clearly a dagger. Under the first prong of the vagueness test, the statute defines the offense with sufficient definiteness so that ordinary people could determine whether or not the instrument was a per se deadly weapon. Persons of ordinary intelligence would agree that Leatherman's blade was a dagger, designed for stabbing. The statute also survives the second prong of the vagueness test, because there are ascertainable standards of guilt to protect against arbitrary enforcement. It is commonly understood that a double-edged pointed blade such as Leatherman's is a dagger, even if it could also be used for cutting or sawing.

We thus hold that RCW 9.94A.125 is not unconstitutionally vague as applied to the facts of Leatherman's case, as he has not carried his heavy burden of proof. Persons of ordinary intelligence would probably agree that Leatherman's instrument was a dagger because it was primarily designed for stabbing. The distinction between a knife and a dagger is sufficient here to protect against arbitrary enforcement.

Affirmed.

AGID, A.C.J., and APPELWICK, J., concur.