111 P.3d 264 (2005)
STATE of Washington, Respondent,
v.
J.R., Appellant.
No. 54051-3-I.
Court of Appeals of Washington, Division 1.
March 7, 2005.
Publication Ordered April 29, 2005.
Susan F. Wilk, Washington Appellate Project, Seattle, WA, for Appellant.
Thomas Lawrence Verge, Bellingham, WA, for Respondent.
PER CURIAM.
¶ 1 A sixteen-inch dagger with a fixed, ten-inch scalloped-edge blade is a dangerous weapon for purposes of RCW 9.41.280, the criminal statute that prohibits possessing dangerous weapons on school premises. We affirm J.R.'s conviction as a juvenile for possession of a dangerous weapon on school premises in violation of RCW 9.41.280.

FACTS
¶ 2 J.R. was a fifteen-year-old student at Blaine High School.[1] While waiting for the school bus on November 12, 2003, Dearon Jackson saw J.R. show some other students a large dagger that he was carrying in his backpack. At school, J.R. showed Jackson the dagger and told Jackson he was going to use the dagger against Chris Cogman later that day. Jackson told Cogman what J.R. said. Jackson and Cogman then told Vice Principal Scott Ellis that J.R. had a sword in his backpack. Cogman told Ellis about J.R.'s threat and said he was worried because he and J.R. were not getting along.
¶ 3 Ellis called J.R. into his office and asked him if he had a knife. J.R. produced a small pocket knife. Ellis then asked J.R. what was in his bag. J.R. handed Ellis a 16-inch dagger, with a ten-inch scalloped double-edged blade. Ellis called the police.
¶ 4 Blaine Police Department Officer Dan Sartain responded and advised J.R. of his Miranda rights.[2] J.R. said he understood his rights and agreed to talk to Officer Sartain. J.R. told Officer Sartain and Ellis that he forgot the dagger was in his backpack until he arrived at school that day. He said that when he discovered the dagger in his bag he showed it to one of his friends. J.R. acknowledged that he did not tell school personnel that he accidentally brought the knife to school in his backpack.[3]
¶ 5 J.R. was charged with possession of a dangerous weapon on school premises in violation *265 of RCW 9.41.280.[4] J.R. agreed to a fact-finding on stipulated facts that included the police report and the statements of Ellis, Cogman, Jackson and J.R. J.R. moved to dismiss on the grounds that the undisputed facts were insufficient to support a finding of guilt. J.R. argued the fixed-blade knife was not a dangerous weapon under RCW 9.41.280 because it was not included in the list of weapons that are illegal to possess as identified in RCW 9.41.250(1). The juvenile court commissioner denied J.R.'s motion to dismiss.
¶ 6 The juvenile court commissioner found J.R. guilty of possession of a dangerous weapon on school premises and imposed a standard-range disposition. The juvenile court judge denied J.R.'s motion to revise the commissioner's decision and affirmed the adjudication. The court concluded, "[t]he 16-inch metal dagger in question (with a 10-inch fixed blade) is a dangerous weapon and the juvenile/respondent is guilty of Possession of Dangerous Weapon on School Facilities."[5] J.R. appeals.

ANALYSIS
¶ 7 J.R. contends that because the dagger is not a dangerous weapon as defined by the legislature in RCW 9.41.250(1), there was insufficient evidence to support finding him guilty of possession of a dangerous weapon in violation of RCW 9.41.280. Because he challenges the sufficiency of the evidence he must show that, after viewing the evidence in the light most favorable to the State, a rational trier of fact could not have found the essential elements of RCW 9.41.280 beyond a reasonable doubt. State v. Hendrickson, 129 Wash.2d 61, 81, 917 P.2d 563 (1996).
¶ 8 In order to prove that J.R. committed the crime of possessing a dangerous weapon on school premises in violation of RCW 9.41.280, the State has the burden to prove beyond a reasonable doubt each element of the charged crime. The State had to prove J.R.(1) carried onto or possessed on (2) public or private school premises (3) any dangerous weapon as defined in RCW 9.41.250.[6] The Legislature in RCW 9.41.250, states it is a gross misdemeanor to possess certain identified weapons or to furtively carry with intent to conceal "any dagger, dirk, pistol, or other dangerous weapon." RCW 9.41.250(2).
9.41.250. Dangerous weapons  Penalty. Every person who:
(1) Manufactures, sells, or disposes of or possesses any instrument or weapon of the kind usually known as slung shot, sand club, or metal knuckles, or spring blade knife, or any knife the blade of which is automatically released by a spring mechanism or other mechanical device, or any knife having a blade which opens, or falls, or is ejected into position by the force of gravity, or by an outward, downward, or centrifugal thrust or movement;
(2) Furtively carries with intent to conceal any dagger, dirk, pistol, or other dangerous weapon; or
(3) Uses any contrivance or device for suppressing the noise of any firearm,
is guilty of a gross misdemeanor punishable under chapter 9A.20 RCW.
¶ 9 J.R. contends that RCW 9.41.250(1) is the only subsection that defines "dangerous weapon" for purposes of RCW 9.41.280. We disagree. In RCW 9.41.280, the legislature specifically prohibited possessing "[a]ny ... dangerous weapon as defined in RCW 9.41.250" on school premises. If a statute is clear on its face, courts should give effect to its plain meaning and should assume the *266 Legislature means exactly what it says. State v. Chapman, 140 Wash.2d 436, 450, 998 P.2d 282 (2000). RCW 9.41.250 describes gross misdemeanor offenses involving different dangerous weapons. If the Legislature had intended to define "dangerous weapon" for purposes of RCW 9.41.280 as only including those weapons mentioned in RCW 9.41.250(1), the Legislature would have said so. Instead, the Legislature referenced RCW 9.41.250 as a whole. We conclude that all of the weapons described in RCW 9.41.250 are "dangerous weapons" for purposes of RCW 9.41.280.[7]
¶ 10 Our decision in State v. C.Q., 96 Wash.App. 273, 979 P.2d 473 (1999), supports this conclusion. In C.Q. we held that the term "dangerous weapon," "which is not really defined by statute," is synonymous with "deadly weapon" and means an "instrument which has the capacity to inflict death and from the manner in which it is used, is likely to produce or may easily and readily produce death." C.Q., 96 Wash.App. at 277-78, 979 P.2d 473 (quoting RCW 9.94A.125 (recodified at RCW 9.94A.602 by Laws 2001, ch. 1 § 6)); (citing State v. Myles, 75 Wash.App. 643, 645, 879 P.2d 968 (1994), rev'd on other grounds, 127 Wash.2d 807, 903 P.2d 979 (1995)).[8]
¶ 11 J.R. also argues that under RCW 9.41.250(2), a "dagger ... or other dangerous weapon" only qualifies as a dangerous weapon for purposes of criminal prosecution where it is "furtively carrie[d] with intent to conceal."[9] We agree that if J.R. had been charged under RCW 9.41.250(2), the State would have had to prove J.R. carried the dagger "[f]urtively ... with intent to conceal." Here, J.R. was charged with possession of a dangerous weapon on school facilities under RCW 9.41.280, not RCW 9.41.250(2). Furtively carrying a dangerous weapon with intent to conceal is not an element of RCW 9.41.280.
¶ 12 J.R. also relies on C.Q. to argue that the dagger he took to school was not a "dangerous weapon." C.Q. does not support his position. In C.Q., a student was charged with possession of a dangerous weapon on school premises in violation of RCW 9.41.280 for bringing a starter's pistol to school. This court concluded that the starter pistol the respondent brought to school was not a deadly or dangerous weapon because there was no evidence the pistol had been modified or that it malfunctioned such that it could cause death or serious bodily injury. C.Q., 96 Wash.App. at 277-78, 979 P.2d 473. But unlike the starter pistol at issue in C.Q., the sixteen-inch double-edged dagger at issue here meets the definition of a deadly weapon contained in RCW 9.94A.602.
¶ 13 The State carried its burden of proving that the ten-inch dagger J.R. had in his possession at Blaine High School is a dangerous weapon under RCW 9.41.280. We affirm.
NOTES
[1] J.R.'s date of birth is 4/19/1988.
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[3] Ellis then asked J.R. if he had anything else in his backpack, such as other weapons or drugs. J.R. said he did not think so. Officer Sartain looked in the bag and found a metal pipe in a side pocket. The pipe contained dark residue and several particles of green vegetable matter that smelled of burnt marijuana. J.R. denied the pipe was his. J.R. said he recently got the backpack from another person and insisted the pipe must have been in the bag when he got it.
[4] J.R. was also charged with possession of drug paraphernalia in violation of RCW 69.50.412(1) and (2). The juvenile court commissioner found him not guilty of possession of drug paraphernalia. The drug paraphernalia charge is not at issue on appeal.
[5] Clerk's Papers (CP) at 4.
[6] RCW 9.41.280 provides,

(1) It is unlawful for a person to carry onto, or to possess on, public or private elementary or secondary school premises ...:
(a) Any firearm;
(b) Any other dangerous weapon as defined in RCW 9.41.250;
(c) Any device commonly known as "nun-chuka sticks"...;
(d) Any device, commonly known as "throwing stars"...; or
(e) Any air gun....
[7] J.R. also relies on State v. Echeverria, 85 Wash.App. 777, 934 P.2d 1214 (1997), to argue that the dagger at issue here is not a dangerous weapon. In Echeverria, the defendant was charged under RCW 9.41.250, not RCW 9.41.280. The court concluded that because the throwing star found under Echeverria's seat was not one of the items listed in RCW 9.41.250(1), he could not be convicted under that subsection, and because there was no evidence he carried the throwing star, he could not be convicted under RCW 9.41.250(2). Here, J.R. was not charged under RCW 9.41.250, but instead was charged under RCW 9.41.280. Even though the dagger is not one of the items listed in RCW 9.41.250(1), it is a "dangerous weapon" under RCW 9.41.250.
[8] In Myles, this court stated that the term "dangerous weapon" is similar to the term "deadly weapon." Myles, 75 Wash.App. at 645, 879 P.2d 968. This court in Myles also concluded that a fixed-blade paring knife is sufficiently like the specific objects "dagger" and "dirk" named in RCW 9.41.250(2) that such a knife may be a "dangerous weapon." Id.
[9] RCW 9.41.250(2).