# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 86284-7-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| E.D., | |
| Appellant. | |

BIRK, J. — E.D. was adjudicated guilty of child molestation in the first degree and ordered to, among other things, complete 24 months of community supervision. One of the conditions of E.D.'s supervision is that he not use or possess firearms, ammunition, or other dangerous weapons. E.D. argues this condition must be stricken because it is not crime-related, and it is unconstitutionally vague. Because E.D. has waived his crime-related argument and the condition is not unconstitutionally vague, we affirm.

The juvenile court found E.D. guilty of child molestation in the first degree. The juvenile court ordered E.D. to 21 days of confinement,[1] 24 months of

---

[1] The juvenile court concluded that sentencing E.D. within the standard range would constitute a manifest injustice because the court found that E.D. suffered from a mental or physical condition that significantly reduced his culpability for the offense.

community supervision, and 80 hours of community service. The court imposed various conditions of community supervision, including "condition G," which states,

> Respondent shall ***not use or possess firearms, ammunition, or other dangerous weapons*** during this period of community supervision. The probation counselor is authorized to search Respondent and items carried or controlled by Respondent at scheduled appointments and other reasonable times and may specify in writing further details of this prohibition.

E.D. appeals.

E.D. argues that the juvenile court abused its discretion in imposing condition G because it was not a crime-related condition and it was unconstitutionally vague.

In its discretion, a court may impose as conditions of community custody "any crime-related prohibitions." RCW 9.94A.703(3)(f). A " '[c]rime-related prohibition' means an order of a court prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10). The State contends E.D. waived any challenge to condition G on the basis that it was not crime-related when he did not object to it. We agree with the State. Under State v. Casimiro, 8 Wn. App. 2d 245, 249, 438 P.3d 137 (2019), whether a condition of sentence is crime-related is a question of fact that we will not review for the first time on appeal. We will, however, consider contentions that solely present questions of law. See State v. Bahl, 164 Wn.2d 739, 751-52, 193 P.3d 678 (2008).

We review community custody conditions for an abuse of discretion. State v. Irwin, 191 Wn. App. 644, 652, 364 P.3d 830 (2015). "A trial court necessarily

abuses its discretion if it imposes an unconstitutional community custody condition, and we review constitutional questions de novo." State v. Wallmuller, 194 Wn.2d 234, 238, 449 P.3d 619 (2019). Under the due process principles of the Fourteenth Amendment of the United States Constitution and article 1, section 3 of the state constitution, the vagueness doctrine requires the State to provide citizens with fair warning of proscribed conduct. Bahl, 164 Wn.2d at 752. A community custody condition is unconstitutionally vague if the challenger demonstrates either (1) it does not define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is proscribed, or (2) it does not provide ascertainable standards of guilt to protect against arbitrary enforcement. City of Spokane v. Douglass, 115 Wn.2d 171, 178, 795 P.2d 693 (1990). The disputed terms are considered in the context in which they are used, and "[i]f persons of ordinary intelligence can understand what the [law] proscribes, notwithstanding some possible areas of disagreement, the [law] is sufficiently definite." Id. at 179. A community custody condition "is not unconstitutionally vague merely because a person cannot predict with complete certainty the exact point at which his actions would be classified as prohibited conduct." City of Seattle v. Eze, 111 Wn.2d 22, 27, 759 P.2d 366 (1988).

RCW 9.41.250(1)(b) criminalizes the "[f]urtive[] carr[ying] with intent to conceal any dagger, dirk, pistol, or other dangerous weapon." State v. Myles held that RCW 9.41.250 is not unconstitutionally vague. 127 Wn.2d 807, 813-14, 816, 903 P.2d 979 (1995). Although the court analyzed the statute's criminal intent element, we remain bound to its decision even though E.D. raises a vagueness

argument regarding the term "dangerous weapon." However, we additionally conclude that the term "dangerous weapon" is not unconstitutionally vague.

In State v. C.Q., we held that the term "dangerous weapon," "which is not really defined by statute," is similar to "deadly weapon" defined in RCW 9.94A.125[2] as an "instrument which has the capacity to inflict death and from the manner in which it is used, is likely to produce or may easily and readily produce death." 96 Wn. App. 273, 277-78, 979 P.2d 473 (1999) (citing State v. Myles, 75 Wn. App. 643, 645, 879 P.2d 968 (1994), rev'd on other grounds, 127 Wn.2d 807, 903 P.2d 979 (1995)). And we have previously held that RCW 9.94A.125 is not unconstitutionally vague as applied. State v. Leatherman, 100 Wn. App. 318, 324, 997 P.2d 929 (2000). Moreover, there is evidence that American jurisdictions dating back to 1769 banned the carrying of "dangerous and unusual weapons." United States v. Rahimi, 602 U.S. 680, 691, 144 S. Ct. 1889, 219 L. Ed. 2d 351 (2024) (citing 4 WILLIAM BLACKSTONE, COMMENTARIES *148-49 (1769)). Persons of ordinary intelligence can understand a proscription against using or possessing dangerous weapons.[3]

Because our Supreme Court has previously held that the dangerous weapon statute is not unconstitutionally vague, and because the weight of other

---

[2] RCW 9.94A.125 has been recodified at RCW 9.94A.825 by LAWS OF 2009, ch. 28, § 41.

[3] Citing a footnote in an unpublished decision, E.D. apparently argues that, separately, the proscription against "possession" is unconstitutionally vague. We cannot consider this argument on that basis alone because it is inadequately briefed. RAP 10.3(a)(6); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

authority supports the language E.D. challenges, we decline to hold that condition G is void for vagueness.

Affirmed.

_____
Birk, J.

WE CONCUR:

_____   _____
Chung, J.                                  Mann, J.