[No. 32618-3-II.  Division Two.  January 18, 2006.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL SHAWN DAVIS, *Appellant*.

*Thomas E. Weaver, Jr.*, for appellant.

*Russell D. Hauge, Prosecuting Attorney*, and *Randall A. Sutton* and *Chad M. Nicholson, Deputies*, for respondent.

¶1 BRIDGEWATER, J. — Michael Shawn Davis appeals his conviction of unlawful storage of ammonia. We hold that RCW 69.55.020 is not void for vagueness, either facially or as applied, under *State v. Eckblad*, 152 Wn.2d 515, 98 P.3d 1184 (2004). We affirm.

¶2 The facts of this case are uncontested. On September 14, 2004, Crystal Johnson called 911 to report that three men were manufacturing methamphetamine in the shed on the property where she lived in Port Orchard, Washington. When Kitsap County deputies arrived at the scene, they smelled a strong chemical odor emanating from the shed.

¶3 Inside the shed, Deputy Adams observed Davis removing the metal valve from a four- to five-gallon propane tank. A second individual, James Cochran, appeared to be turning valves on a compressor. The compressor was attached to plastic hoses running out of buckets. Deputies Adams and Janson arrested Davis, Cochran, and a third person for manufacturing methamphetamine.

¶4 A clandestine lab team then processed the suspected methamphetamine lab. The lab team observed a large pressure cooker approximately one-fifth full of a brown substance, which tested positive for the presence of ammonia. The team further observed an "elaborate apparatus" consisting of several hoses, a pump, and a condenser in an ice bath. Clerk's Papers at 51. The end of the hose running from the apparatus and the brass valve on the propane tank also tested positive for the presence of ammonia. The propane tank had Department of Transportation (DOT) markings and a warning label. It appeared to a Department of Ecology worker that Davis was involved in making anhydrous ammonia in the pressure cooker and storing it in the propane tank.

¶5 The State charged Davis with unlawful storage of ammonia, a violation of RCW 69.55.020. Before trial, Davis unsuccessfully moved to dismiss the charge on the grounds that RCW 69.55.020 is unconstitutionally vague. Based on stipulated facts, the court found Davis guilty as charged.

¶6 On appeal, Davis again contends that RCW 69.55.020 is unconstitutionally void for vagueness both on its face and as applied to him. RCW 69.55.020 provides in relevant part:

> A person is guilty of the crime of unlawful storage of ammonia if the person possesses, transports, or delivers pressurized ammonia gas or pressurized ammonia gas solution in a container that (1) *is not approved by the United States department of transportation to hold ammonia,* or (2) *was not constructed to meet state and federal industrial health and safety standards for holding ammonia.*

(Emphasis added.) Davis argues that the statute is vague because it incorporates highly detailed regulations that persons of ordinary intelligence cannot locate. We disagree.

■ ¶7 The due process clause of the Fourteenth Amendment requires that citizens be afforded fair warning of proscribed conduct. *State v. Sullivan*, 143 Wn.2d 162, 181, 19 P.3d 1012 (2001) (quoting *City of Seattle v. Montana*, 129 Wn.2d 583, 596, 919 P.2d 1218 (1996)). The vagueness doctrine ensures that citizens receive notice as to what conduct the law proscribes and prevents the law from being arbitrarily enforced. *Sullivan*, 143 Wn.2d at 181 (quoting *In re Contested Election of Schoessler*, 140 Wn.2d 368, 388, 998 P.2d 818 (2000)).

■ ¶8 We review the constitutionality of a statute de novo. *Eckblad*, 152 Wn.2d at 518. A statute is presumed constitutional; the burden is on the party challenging the statute to prove that it is unconstitutionally vague beyond a reasonable doubt. *Sullivan*, 143 Wn.2d at 180.

■ ¶9 A statute is unconstitutionally vague if it fails to define an offense with sufficient definiteness so that persons of ordinary intelligence can understand what conduct is proscribed or if it does not provide standards sufficiently specific so as to prevent arbitrary enforcement. *Eckblad*, 152 Wn.2d at 518; *Sullivan*, 143 Wn.2d at 182. But, a statute is not void for vagueness merely because an individual cannot predict exactly when his or her conduct is prohibited. *Sullivan*, 143 Wn.2d at 184. Nor is a statute vague because some of its terms are undefined; we will not invalidate a statute simply because it could have been drafted with greater precision. *Sullivan*, 143 Wn.2d at 184.

■ ¶10 In examining a challenge to the constitutionality of a statute, the "first step is to determine whether the statute is to be evaluated 'as applied' to the particular case or . . . 'on its face.' " *Sullivan*, 143 Wn.2d at 183 (quoting *Weden v. San Juan County*, 135 Wn.2d 678, 708, 958 P.2d 273 (1998) and *City of Spokane v. Douglass*, 115 Wn.2d 171, 182, 795 P.2d 693 (1990)). Vagueness challenges are to be reviewed as applied to the particular facts of a case unless the First Amendment is

implicated. *Eckblad*, 152 Wn.2d at 518. Here, Davis does not assert a First Amendment right. But, we will conduct a facial analysis of the statute because (1) *Eckblad* nevertheless addressed whether a statute, which did not implicate the First Amendment, was facially vague and (2) Davis argues that RCW 69.55.020 is vague because it fails to provide citations to the standards and regulations it adopted. He points to *State v. Maxwell*, 74 Wn. App. 688, 878 P.2d 1220 (1994), to support his contention.

¶11 *Maxwell* involved a challenge to former RCW 46-.37.530 (1997), which provided that it was unlawful for any person to operate or ride on a motorcycle "unless wearing upon his or her head a protective helmet of *a type conforming to rules adopted by the state patrol* except when the vehicle is an antique motor-driven cycle or automobile that is licensed as a motorcycle." Former RCW 46.37.530(1)(c) (emphasis added). The state patrol adopted Federal Motor Vehicle Safety Standard 218 as the standard for protective helmets. *Maxwell*, 74 Wn. App. at 691. Former WAC 204--10-040 (1981) stated: "Federal Motor Vehicle Safety Standard 218 is hereby adopted by reference as the standard for motorcycle helmets."

¶12 Division Three of this court held that the administrative regulation "fail[ed] to inform the average citizen of the location or legal citation of the federal standard it adopt[ed]" and, thus, did not provide fair notice of what conduct was proscribed. *Maxwell*, 74 Wn. App. at 692. The court reasoned, "[I]f the standards to which a citizen must conform are so inaccessible that an average person could not be expected to discover them by reasonable research efforts, then the statute does not provide the requisite notice." *Maxwell*, 74 Wn. App. at 692.

¶13 Davis urges this court to adopt the reasoning of the *Maxwell* court and find RCW 69.55.020 unconstitutionally vague because it fails to provide legal citations to the applicable federal and state regulations. But our Supreme Court, in *Eckblad*, implicitly rejected the court's reasoning in *Maxwell*.

¶14 *Eckblad* is dispositive. In that case, the defendant challenged RCW 46.61.688, which requires most drivers and passengers of motor vehicles to wear seat belts. *Eckblad*, 152 Wn.2d at 517. That statute is nearly identical in structure to former WAC 204-10-040. It provides in relevant part:

(2) This section only applies to motor vehicles that meet the manual seat belt safety standards *as set forth in federal motor vehicle safety standard 208 and to neighborhood electric vehicles*. This section does not apply to a vehicle occupant for whom no safety belt is available when all designated seating positions *as required by federal motor vehicle safety standard 208 are occupied.*

(3) Every person sixteen years of age or older operating or riding in a motor vehicle shall wear the safety belt assembly in a properly adjusted and securely fastened manner.

RCW 46.61.688(2), (3) (emphasis added).

¶15 In *Eckblad*, the defendant argued, as Davis does here, that the statute was unconstitutionally void because it "incorporates detailed standards that are difficult to find." *Eckblad*, 152 Wn.2d at 519. Our Supreme Court rejected this contention, holding that the difficulty in locating and understanding federal regulations "[did] not overcome the strong presumption of constitutionality"; "specificity does not render a statute vague." *Eckblad*, 152 Wn.2d at 519. The court also found that the statute puts ordinary citizens on notice that (1) there is a general obligation to wear a seatbelt and (2) whether a particular vehicle is exempt requires a "more searching inquiry." *Eckblad*, 152 Wn.2d at 521. Because the defendant did not argue that he reasonably believed that his vehicle was exempt, the court did not review the statute as applied to him. *Eckblad*, 152 Wn.2d at 522.

¶16 Davis contends that there is great difficulty in locating the standards. Davis's claim of difficulty in locating the applicable state and federal regulations adopted by RCW 69.55.020 fails to overcome the strong presumption of constitutionality. Our Supreme Court's directive is clear: A

statute that "incorporates detailed standards that are difficult to find . . . does not overcome the strong presumption of constitutionality." *Eckblad*, 152 Wn.2d at 519. Davis contends, however, that unlike the statute at issue in *Eckblad*, ordinary citizens are not put on notice of RCW 69-.55.020's general requirements; they must discover the applicable state and federal regulations in order to determine compliance.

¶17 Here, RCW 69.55.020 puts the average citizen on notice of the agency regulations controlling the storage of ammonia. It then indicates a relevant federal agency, i.e., the DOT, in subsection one and directly identifies regulations, i.e., the state and federal industrial health and safety standards, in subsection two. The State correctly points to these state and federal regulations that pertain to storage and handling of anhydrous ammonia.[1] Additionally, DOT regulations exist for transporting hazardous materials, of which anhydrous ammonia is one. 49 C.F.R. §§ 171.1-180.605. Under these regulations, a container that is approved must have DOT markings identifying it as a proper container.[2]

¶18 We reject Davis's contention that the above standards do not pertain to his manufacturing operation because he was neither storing nor transporting anhydrous ammonia. The statute plainly pertains to situations where a person "possesses" pressurized ammonia gas. And the statute plainly applies both "state and federal industrial health and safety standards" to situations where a person "possesses" pressurized ammonia gas. Thus, the relevant provisions referred to above directly apply to Davis's situation.

¶19 We disagree with his connected claim that the standards apply only to the workplace or while in transit. Here,

---

[1] The Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651-678, promulgated regulations that are found in 29 C.F.R. § 1910.111, titled: "Storage and handling of anhydrous ammonia." WAC 296-24-51001 through -51021 set forth the state of Washington standards that are substantially similar to the federal standards.

[2] In this case, the pressure cooker had no markings; the propane tank had a DOT sticker, but it was unidentified as to what standard it complied with.

the transportation and industrial health safety regulations are incorporated by reference into the statute, which clearly states that an individual may be found guilty of unlawful storage of ammonia by "possess[ing], transport[ing] or deliver[ing]" ammonia in an unapproved container. RCW 69.55.020. Thus, in this context, the transportation and industrial health and safety regulations refer only to the container being used to store the ammonia.

¶20 Additionally, we reject Davis's claim that RCW 69-.55.020's reference to "every federal and state industrial health and safety standard" is insufficient to put a person on notice of what conduct it proscribes. Br. of Appellant at 8. RCW 69.55.020 does not reference *all* federal and state industrial health and safety standards—it requires compliance with state and federal industrial health and safety standards *"for holding ammonia."* RCW 69.55.020 (emphasis added).

¶21 As well, we reject Davis's contention that the court in *State v. Olmedo*, 112 Wn. App. 525, 49 P.3d 960 (2002), *review denied sub nom. State v. Johnson*, 148 Wn.2d 1019, 64 P.3d 650 (2003), implied that RCW 69.55.020 is unconstitutionally vague. Br. of Appellant at 9-10. In that case, Division Three of this court reversed the defendant's conviction because the trial court failed to instruct the jury on the legal definition of a DOT approved container and the applicable state and federal industrial health and safety standards, reasoning, "These standards are not common knowledge." *Olmedo*, 112 Wn. App. at 536. In a criminal case, the trial court must define technical words and expressions used in jury instructions; the court's ruling does not speak to whether the statute is void for vagueness. *Olmedo*, 112 Wn. App. at 533. Additionally, *Olmedo* is inapposite here because this case was tried to the bench on stipulated facts.

¶22 Because Davis does not set forth facts regarding what steps, if any, he undertook to locate and comply with the applicable federal and state regulations, he fails to show that RCW 69.55.020 is vague as applied to a reason-

able person or himself. On this basis alone, we could affirm the trial court. But, assuming that any of the facts could be used in an "as applied" analysis, two factors are glaringly apparent. One, Davis presents no facts demonstrating that the propane tank or pressure cooker were approved containers for the storage of anhydrous ammonia. Because he challenges the constitutionality of the statute, this is his burden. He simply notes that the propane tank had DOT markings and a warning label; he does not establish why persons of ordinary intelligence would believe either the tank or the pressure cooker to be legal containers. And two, in the case of the pressure cooker, there is no fact demonstrating his belief that it was an approved container. Thus, he has failed to meet his burden of establishing facts showing that RCW 69.55.020 is unconstitutional as applied to his conduct. In conclusion, we hold that RCW 69.55.020 is not unconstitutionally vague facially or as applied to the facts of this case.

¶23 Affirmed.

VAN DEREN, A.C.J., and PENOYAR, J., concur.

Review denied at 158 Wn.2d 1015 (2006).