[Nos. 46214-8-I; 46215-6-I.   Division One.   July 23, 2001.]

THE STATE OF WASHINGTON, *Appellant*, v. JUSTIN WATSON, *Respondent.*

*Norm Maleng, Prosecuting Attorney*, and *Ann M. Summers* and *Andrea R. Vitalich, Deputies*, for appellant.

*David B. Koch* (of *Nielsen, Broman & Associates, P.L.L.C.*), for respondent.

BAKER, J. — The State of Washington appeals from the order of consecutive deferred dispositions in two cases against Justin Watson. The State argues that because a juvenile offender is eligible for a deferred disposition only if the juvenile has not had a prior deferred disposition, the juvenile court erred in granting consecutive deferred dispositions where Watson was before the court on two separate offenses committed over one month apart. Because, under RCW 13.40.127, a juvenile who has a prior deferred disposition or deferred adjudication is ineligible for a deferred disposition, Watson was ineligible to receive more than one deferred disposition. We therefore reverse.

## FACTS

The State charged Justin Watson with one count of Assault in the Fourth Degree for assaulting his sister on October 23, 1999. The State also charged him with one count of Taking a Motor Vehicle Without Permission (TMV) on November 26, 1999. Each charge was filed under a different cause number.

Watson filed a motion for deferred disposition in both cases, and scheduled both cases for a hearing on March 3, 2000. Watson signed one "Statement of Juvenile on Submittal or Stipulation to Facts for Deferred Disposition" which referred to both cause numbers and both offenses. Clerk's Papers (CP) at 8, 9. In his statement, Watson indicated, "I understand that if I do not comply with all of the terms of the community supervision, the judge may revoke the deferred disposition and may impose any sentence against me authorized by law." CP at 9.

Defense counsel argued at the hearing that if Watson violated any of the conditions of the deferred disposition, he would be subject to disposition on both charges. The State argued against the entry of two deferred dispositions. The parties agreed that Watson had not had a deferred disposition or deferred adjudication in the past.

The court ordered deferred disposition in both cases, ruling that Watson fit the statutory criteria for eligibility because "he does not have a prior disposition at this time." Report of Proceedings (RP) at 5. The court remarked,

> I think the statute would allow for a respondent to be eligible for a deferred disposition so long as he does not have a prior deferred disposition. And it's pretty clear that he does not have a prior disposition at this time. So really the inquiry is not whether the Respondent is eligible but whether the Court is going to exercise discretion in giving it to him. I can imagine a scenario in which I wouldn't do it, for instance, if he had four pending matters. I probably wouldn't give it to him if he had three pending matters.

RP at 5-6.

The court entered two orders of deferred disposition, with different conditions, to run consecutively. The order on deferred disposition for the TMV offense, in effect from March 3, 2000 to September 3, 2000, required 24 hours of community service, six months of community supervision, and no unwanted contact with the victim, along with other

"good behavior" requirements such as proper school attendance, counseling, and a curfew. The order on deferred disposition for the Assault 4 offense, to be served consecutive to the other order (until March 3, 2001), dropped the community service and no-contact provisions but provided for an additional six months of community supervision and continued the "good behavior" requirements.

The State timely appealed.

## DISCUSSION

The State argues that the trial court erred in its interpretation of RCW 13.40.127. Questions of statutory construction are reviewed de novo.[1] As the Supreme Court recently remarked in *State v. Sullivan,*[2]

> When a statute is unambiguous, it is not subject to judicial construction and its meaning must be derived from the plain language of the statute alone. We do not add to or subtract from the clear language of a statute unless that is imperatively required to make the statute rational. Legislative definitions provided by the statute are controlling. In the absence of a statutory definition, we will give the term its plain and ordinary meaning ascertained from a standard dictionary.

(Footnotes omitted).

The juvenile deferred disposition statute, RCW 13.40.127, is unambiguous. The portion in question in this case, subsection (1)(c) of the statute, provides that "[a] juvenile is eligible for deferred disposition unless he or she . . . [h]as a prior deferred disposition or deferred adjudication."[3]

Here, both parties agreed that Watson had not had a

---

[1] *State v. Ammons,* 136 Wn.2d 453, 456, 963 P.2d 812 (1998).

[2] 143 Wn.2d 162, 175, 19 P.3d 1012 (2001).

[3] The deferred disposition statute provides a helpful alternative that permits juvenile courts to tailor individual dispositions in response to the needs of the juvenile and in accordance with the rehabilitative purposes of the Juvenile Justice Act of 1977. *See State v. J.H.,* 96 Wn. App. 167, 180-81, 978 P.2d 1121, *review denied,* 139 Wn.2d 1014 (1999).

deferred disposition or deferred adjudication in the past. However, two different orders on deferred disposition were filed, and once the first order on deferred disposition was signed, Watson had a "prior deferred disposition" and was ineligible for the next deferred disposition that was signed.

█ The juvenile court has discretion as to whether to grant or deny deferred dispositions.[4] This discretion may be used, however, only where the juvenile is eligible for a deferred disposition. Because Watson was not eligible for a deferred disposition in this case, we reverse.

GROSSE, J., concurs.

WEBSTER, J. (dissenting) — I respectfully dissent. The majority holds that, because a juvenile offender is eligible for a deferred disposition only if the juvenile has not had a prior deferred disposition, the juvenile court erred in granting consecutive deferred dispositions where Watson was before the court on two separate offenses committed over one month apart. Because, under RCW 13.40.127, only a juvenile who "[h]as a prior deferred disposition or deferred adjudication" is ineligible for a deferred disposition, and because Watson had no prior deferred dispositions or adjudications at the time of his disposition, I dissent.

The majority holds that Watson had a "prior" deferred disposition because two different orders on deferred disposition were filed, and once the first order on deferred disposition was signed, Watson was ineligible for the next deferred disposition that was signed. However, the transcript of proceedings shows that the trial court orally granted Watson's motion for a single deferred disposition on both cause numbers. Moreover, Watson filed only a single motion for deferred disposition and signed a single "State-

---

[4] *See* RCW 13.40.127(2): "The juvenile court may, upon motion at least fourteen days before commencement of trial and, after consulting the juvenile's custodial parent or parents or guardian and with the consent of the juvenile, continue the case for disposition for a period not to exceed one year from the date the juvenile is found guilty. The court shall consider whether the offender and the community will benefit from a deferred disposition before deferring the disposition."

ment of Juvenile on Submittal or Stipulation to Facts for Deferred Disposition." The Statement seems to indicate that a violation of the conditions of the TMV (Taking a Motor Vehicle Without Permission) deferred disposition would lead to the revocation of the Assault 4 deferred disposition. Finally, the rehabilitative purposes behind the Juvenile Justice Act of 1977 mitigate against such a narrow reading of the word "prior," especially where the State admits that in cases where multiple offenses on different dates are charged under the same information, deferred disposition may be appropriate.

The juvenile court has discretion as to whether to grant or deny deferred dispositions.[5] I believe the trial court neither misapplied the law nor abused its discretion. I would affirm.

Review denied at 145 Wn.2d 1031 (2002).

---

[5] *See* RCW 13.40.127(2): "The juvenile court may, upon motion at least fourteen days before commencement of trial and, after consulting the juvenile's custodial parent or parents or guardian and with the consent of the juvenile, continue the case for disposition for a period not to exceed one year from the date the juvenile is found guilty. The court shall consider whether the offender and the community will benefit from a deferred disposition before deferring the disposition."